## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.

_____

**ENRIQUE MADRINAN,**

   **Plaintiff,**

**vs.**


**TACO CRAFT MIAMI LLC, d/b/a TacoCraft,
AND THE CITY OF SOUTH MIAMI,**

   **Defendants.**
_____/

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

Plaintiff, ENRIQUE MADRINAN, (hereinafter sometimes referred to as "Plaintiff" OR "Mr. Madrinan"), hereby sues the Defendants, TACOCRAFT MIAMI LLC, d/b/a Taco Craft, (hereinafter individually referred to as "TacoCraft") AND THE CITY OF SOUTH MIAMI, (hereinafter individually referred to as "South Miami") (both Defendants collectively referred to as "Defendants"), jointly and severally, for injunctive relief for access and barrier removal pursuant to Title II and III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 - 13134 and 12181, *et seq.*, the American With Disabilities Act Accessibility Guidelines ADA 2010 Standards (hereinafter "ADA

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

Standards"),[1]  Section 504 of the Rehabilitation Act of 1973, Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[2] (hereinafter collectively referred to as "FACBC"), at a property bearing the business name TacoCraft, and related facilities (including the MERCADO NEGRO  "speakeasy" within TacoCraft), located at 5829 SW 73rd St, interconnected Units A & B, South Miami, FL 33143, and bearing FOLIO# 09-4036-022-0350, (hereinafter sometimes referred to as the "Facility" or "Subject Premises").

## JURISDICTION

1.   This Court has original jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under Title 42 U.S.C. §§ 12181, *et seq.*, based on Defendants' violations of Title III of the Americans with Disabilities Act (hereinafter "the ADA").  *See also* 28 U.S.C. §§ 2201 and 2202.

2.   This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3.   Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of

---

[1] The 2010 ADA Standards consists of 28 C.F.R. pt. 36, app. D (1991 Standards for Accessible Design as Originally Published on July 26, 1991); 28 C.F.R. § 35.151 (first portion of 2010 Standards for Accessible Design for State and Local Government Entities); 36 C.F.R. pt. 1191 apps. B, D (remaining portion of 2010 Standards for Accessible Design for State and Local Government Entities). In the few places where requirements differ, the requirements of 28 CFR part 36, subpart D, (2010) prevail.

[2] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

Florida, Miami-Dade County, Florida, and the subject Premises is located in Miami-Dade County, Florida.

## PARTIES

4.   Plaintiff, Enrique Madrinan is a resident of the State of Florida, is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

5.   Plaintiff is limited in one or more major life activities, which requires him to use a wheelchair to ambulate and who retains limited manual dexterity.

6.   Plaintiff is a father and professional who travels frequently and dines out often in his personal and professional capacities, and is also an actively social, fiercely independent, highly educated, professionally licensed individual.

7.   Plaintiff and his fiancé visited TacoCraft, the property which forms the basis of this lawsuit, on May 9, 2019.

8.   During his visit, Plaintiff was unable to access the bar counter and adjacent booths at TacoCraft, nor was he able to access the bar and surrounding tables at the Mercado Negro "speakeasy" at the rear of the TacoCraft main dining room., all due to the presence of high counters, raised booths, and high-top tables, with no accessible seating provided.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone: 305.372.9601  ● Fax: 305.372.2323

9.     The Defendant, City of South Miami, is the owner/landlord/lessor of the Subject Premises which includes the restaurant and related facilities.

10.     Upon information and belief, Defendant, City of Miami, is a recipient of federal funds, and recipient of federal funds earmarked for revitalization projects and developmental block grants.

11.     Effective March 15, 2012, Defendant City of South Miami was and is required to ensure that its properties follow the requirements of the 2010 Standards, including both the Title II regulations at 28 CFR 35.151; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

12.     Over four (4) years after the effective date of the pertinent regulations, and twenty (20) years after the passage of the ADA, Defendant City of South Miami failed to ensure that barriers to access, an inherently unlawful discriminatory activity, are not erected, maintained or condoned at the property which is the subject of this action.

13.     The Defendant, TACOCRAFT MIAMI LLC, is a registered Limited Liability Corporation that is authorized to, and does, transact business in the State of Florida. Upon information and belief, this Defendant is a tenant at the facility and is the operator and/or lessee of a restaurant therein which is commonly known as Taco Craft Taqueria & Tequila Bar, and the interconnected "speakeasy,"

Mercado Negro, located at 5829 SW 73rd St, South Miami, FL 33143, which is the subject of this action.

14.     Effective March 12, 2012, as a public accommodation which opened for business on or about July 2016, TacoCraft in South Miami Florida, the restaurant which is the subject of this action, was required to follow the requirements of the 2010 Standards, including both the Title III regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

15.     Over four (4) years after the effective date of the above Standards, and over twenty (20) years after the effective date of the ADA, Defendant TacoCraft failed to do so.

16.     Upon information and belief, TacoCraft Miami is part of the JEY Hospitality Group, which, in its own words,

> "is a full service hospitality group that has established a collection of award-winning hospitality and lifestyle concepts throughout South Florida including Miami, Broward and Palm Beach Counties. Concepts include ROK: BRGR, Henry's Sandwich Station, **_Taco Craft, Mercado Negro_**, Pizza Craft and the Apothecary 330. Co-founded by Marc Falsetto & Charles Hazlett, JEY strives to create venues that appeal to a wide variety of guests and raise the bar with cutting edge designs. With attention to quality, each menu item is scratch made and chef inspired with the highest caliber ingredients. The culinary and management teams continue to create concepts that not only excite diners' palates but also

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

provide a complete dining and entertainment experience that elevates the senses. With its continued success in South Florida and countless culinary awards, JEY Hospitality Group has a steady growth plan that will take its current brands and new concepts throughout the country.

See, *https://jeygroup.com/about-us/*. (Emphasis added).

## ADA REGULATORY REGIME FOR NEW CONSTRUCTION

17.    Pursuant to 28 CFR part 36.406(a)(3) this facility was required to provide an accessible bar counter and accessible table seating spaces consistent with 2010 Standard § 902 at of the date of First Occupancy.

18.    Pursuant to 28 CFR part 36.406(a)(3), the facility was required to design and construct its bar counters and nearby table seating to be readily accessible to and usable by individuals with disabilities in conformance with the regulatory schemes as of the date of first occupancy.

19.    Pursuant to 28 CFR § 36.401(a), the facility was required to provide an accessible forward approach to a designed-integrated lowered section of any and all bar counters to be accessible in relation to the respective total number of standing and seating spaces at the bars as of the date of first occupancy and otherwise fully comply with 2010 ADA Standards including, but not limited to, §§ 206, 226, 227, 305, 306, 902, 904.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

20.    The 2010 ADA Standards have been fully noticed, are readily available and easily referenced at 36 CFR § 1191, *et seq.*, and consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.

21.    Pursuant to 28 CFR part 36.406(a)(3), this facility is required to comply with the 2010 ADA Standards of the date when the last application for a building permit or permit extension is certified to be complete by a State, county, or local government (or, in those jurisdictions where the government does not certify completion of applications, if the date when the last application for a building permit or permit extension is received by the State, county, or local government) is on or after March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after March 15, 2012.

## DEFENDANT TACOCRAFT MIAMI LLC KNEW IT WAS VIOLATING THE ADA

22.    Defendant, TacoCraft Miami LLC, and other subsidiaries of its parent company, the Jey Group, has been the subject of prior ADA lawsuits at various locations not including the instant restaurant facility at the subject premises. *See* Cohan v. Pizzacraft Fort Lauderdale LLC, *et al*, SDFla. Case # 0:17-cv-62442-DPG; *See also,* Cohan v. ROK & HORSES, LLC, d/b/a ROK BRGR, SDFla. Case # 0:16-cv-61587-WJZ.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

23.     All Defendants knew or should have known that there was a failure to construct and design the facility as of first occupancy to be readily accessible to and usable by individuals with disabilities as required by the ADA.

24.     All Defendants knew or should have known that the common seating design modules and schemes approved and used at the subject Premises contain bar counters far above the height permitted by law to be accessible.

25.     Defendants knew or should have known that the common seating design modules and schemes approved and used by Defendants for bar counters, booths and other seating, not only at this facility, but throughout their corporate structure for TacoCraft locations, fail to provide adequate and sufficient accessible seating within all areas of the facility.

26.     Plaintiff alleges that all Defendants uniformly approved the use of these unlawful design modules/schemes at their facility's bar counters intentionally disregarding the accessibility requirements of the ADA.

27.     Plaintiff alleges that all Defendants approve and utilize these inaccessible modular structures to ensure uniformity of design, feel and functionality at its locations which purposely exclude individuals who require a wheelchair to ambulate, including the instant Plaintiff.

28.     Plaintiff further alleges that all Defendants' in-house design committees and appropriate designated City of South Miami personnel uniformly

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

orchestrated and approved the use of the inaccessible common design of the bar counter with deliberate indifference to, and utter disregard for, Mr. Madrinan and those similarly situated.

29.    Plaintiff further alleges that Defendants' in-house design committees uniformly orchestrate and continue to approve a policy of using inaccessible tables and booths throughout this facility, thereby further serving to isolate Plaintiff, both physically and emotionally, and denying him the full enjoyment of the amenities, services, rights, privileges, activities and accommodations of the facility.

30.    As a result, and for additional reasons set forth herein, it cannot reasonably be denied that Defendants have intentionally discriminated against this plaintiff and all those similarly situated.

31.    The egregiousness of Defendants' offending conduct, combined with their history of denying access to individuals with disabilities, such as the Mr. Madrinan and others similarly situated, compel this Court to retain continuing jurisdiction and oversight over this action until it is absolutely clear the offending conduct set forth herein cannot reasonably be repeated and Defendants be allowed to return to their old discriminatory ways.

32.    Plaintiff visited the facility known as TacoCraft Miami to enjoy and partake in the accommodations, amenities, rights, privileges, goods, services and experience offered by this public accommodation, especially its tequila while

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

seated at its admittedly intricate and decorative bars (both the TacoCraft and Mercado Negro) or be able to enjoy the romantic booth amenity with his fiancé as is available to able-bodied patrons. Plaintiff was unable to do so as a result of intentionally discriminatory barriers to access served up by the Defendants instead.

33.    Plaintiff will return to the property to avail himself of the full enjoyment of the amenities, goods services, privileges and accommodations offered to the public at the property, and to determine whether the existing barriers to access at the property, which currently serve to segregate and confine him from accessing a central aspect of this facility, have been remedied to achieve the inclusion required by the ADA and FACBC statutory and regulatory regimes.

34.    However, Plaintiff is deterred from returning to TacoCraft until the architectural barriers to access and discriminatory policies which prevent him from the full and equal enjoyment of the accommodations, activities, goods, amenities and services otherwise provided to able-bodied patrons, are removed.

35.    The Plaintiff has encountered and has direct knowledge of the architectural barriers to access and discriminatory policies at the subject property which discriminate against him solely on the basis of his disability and which prevent him from exercising his right to the full and equal enjoyment of the goods, privileges, services, amenities and accommodations otherwise offered by the Defendants to able-bodied patrons. These architectural barriers and discriminatory

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

policies also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

36.     Due to Defendants' ADA violations set forth herein, Plaintiff was not able to, and still cannot, access the indoor bar counters, adjacent booths and tables at the subject premises and avail himself of the full and equal enjoyment of the various amenities, privileges, goods, services and accommodations otherwise offered to able bodied patrons by the Defendants.

37.     The Defendants' indoor bar main counter does not provide any accessible seating.

38.     There is no accessible seating in the area adjacent and nearest to the bar due to the presence of elevated booths at TacoCraft and high top tables at Mercado Negro.

39.     The above discriminatory barriers and policies serve to intensify the overt discriminatory effect, dignitary harm and isolation Defendants' policies and actions visit upon the Plaintiff.

40.     By isolating all accessible seating spaces away from the bar as an "accommodation" for the disabled, Defendants have intentionally erected a discriminatory architectural format disguised as an accommodation, and exacerbated its failures by intentionally promoting a policy and procedure that serves to isolate, shun, diminish and confine individuals with disabilities from

– 11 –

interaction with the bartender and bar patrons, other diners and further remove him away from the "action" and activities otherwise provided to able-bodied patrons at the Main Bar and the facility at large.

41.     Defendants cannot legally maintain that tables away from the bar area suffice to conform with the ADA and the FACBC as accessible and inclusive as access to a bar counter.

42.     Defendants cannot legally dispute that providing access as Plaintiff demands herein is readily achievable.

43.     Because the TacoCraft facility is New Construction, Defendants had a legal duty to ensure that the bars were each designed and constructed to be readily accessible to and usable by Plaintiff as of the date of first occupancy. Defendants intentionally failed to do so.

44.     Because it is new construction, Defendants may not readily avail themselves of the defenses and exceptions typically available within the ADA alteration standards, including but not limited to, the readily achievable standard.

45.     Defendants' failures herein described evince a systematic, purposely thought-through scheme to intentionally discriminate against the Plaintiff which has resulted in a disparate effect and impact upon Mr. Madrinan and all those similarly situated.

46.     Plaintiff, a resident of South Florida who travels to the area frequently in his real estate professional capacity, will return to the subject premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present.

47.     Similar to most able-bodied patrons, Mr. Madrinan and his fiancé look forward to revisiting TacoCraft to partake in the full and equal enjoyment of the amenities, goods, services, facilities, privileges, advantages and accommodations offered to the general public by this facility; chief among them is the opportunity for a nice, laid back moment nursing a drink at its admittedly very nice bar while raking in the atmosphere inside, sitting casually at the intimate booths provided for others, and enjoying the scene within the Mercado Negro Speakeasy.

48.     However, Plaintiff is deterred from returning so long as the discriminatory barriers and policies described herein continue to exist at the Premises.

49.     Plaintiff has been, and will continue to be, denied full access and the equal enjoyment of the amenities, services, goods, privileges activities and accommodations, at the subject premises, as provided by the ADA and the FACBC, unless the injunctive relief requested herein is granted.

50. Defendants' intentionally ignore the ADA requirements, and instead promote discriminatory policies and procedures which prevent access and

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

inclusion, and lead to the inexorable conclusion that, unless the injunctive relief requested herein is granted, access and inclusion as contemplated by the ADA will not occur at this facility, and Plaintiff will continue to be deterred from and denied full access to TacoCraft as required by the ADA.

## COUNT I

### Americans With Disabilities Action for Injunctive Relief

51.    This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act").

52.    Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 50 of this Complaint as if fully stated herein.

53.    On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*

54.    Pursuant to 42 U.S.C. § 12181(7) and 28 CFR § 36.104, the Premises which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

55.    The Congressional legislation provided commercial businesses one and a half (1½) years from the enactment of the ADA to implement the requirements imposed by the ADA.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer

– 14 –

employees and gross receipts of $500,000 or less.  *See* 42 U.S.C. § 12181; 28 CFR § 36.508(a).

56.    Pursuant to 42 U.S.C. §12183, Defendants had a legal duty to be in full compliance with the ADA as of January 26, 1993 at the latest. The ADA required Defendants to ensure the bar counters were designed and constructed to be readily accessible to and usable by individuals with disabilities, such as the Plaintiff, as of the date of first occupancy. Defendants failed to do so.

57.    Pursuant to the mandates of 42 U.S.C. § 12134(a), the United States Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA.  *See* 28 CFR § 36, ADA Accessibility Guidelines (hereinafter referred to as "ADAAG").

## 1990 STANDARDS - PRE-MARCH 2012 GUIDELINES

58.    Prior to March 2012, pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG") (pre-2012). Failure to comply with these requirements constitutes a violation of the ADA.

59.    Prior to March 2012, under certain conditions never present here, the ADAAG at 28 CFR 36, App A, 5.2, permitted service at an accessible table nearby to serve as a reasonable accommodation to an actual seat at the Bar.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

60.     Similarly, prior to March 2012, the ADAAG 28 CFR 36, App A, 7.2(2)(ii) permitted the installation of an auxiliary lowered counter as a reasonable accommodation at certain counters.

61.     At all times here relevant, a primary purpose the ADA and its regulatory regimes is to create inclusion through access.

62.     Prior to March 2012, facilities that availed themselves of the above exceptions at the time were nonetheless required to provide the required clearance at the auxiliary counter or side desk and such auxiliary counters and desks were required to be maintained free and clear of all obstructions so as to be usable by individuals with disabilities.

63.     Accordingly, even if Defendants' facility were pre-existing such that an auxiliary counter was permitted, any such auxiliary counter would need to have been installed prior to March 2012 – which Defendants' is not.

64.     Even if Defendants' facility were pre-existing such that an auxiliary counter was permitted, where, as here, Defendants also include table-seating in the bar area, Defendants would still be required to provide accessible seating at a tables near the bar based on 5% of the total seating at such tables. Defendants have failed to do so.

65.     Even if Defendants' facility were pre-existing such that an auxiliary counter was permitted, the designated area would need to provide the opportunity

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

for the full and equal enjoyment of the same amenities, goods, privileges, services and accommodations as those offered to the able-bodied. Defendants' facility does not.

66.     Defendants intentionally fail to provide said opportunity due to their failure to provide a bar counter designed and constructed to be accessible, by failing to provide accessible seating at and around the bar, and by maintaining policies and procedures which purposely relegate plaintiff and those similarly situated away from the Bar areas which prevent the plaintiff from interacting with the server, other bar patrons and the general public.

67.     Defendants fail to provide seating nearest the bars.

68.     Defendants fail to provide an accessible booth, an amenity otherwise offered to the able-bodied.

## 2010 ADA STANDARDS

69.     In March 2012 (effective date), the 1994 ADAGG was superseded and since then all public accommodations and commercial facilities must since follow the requirements of the 2010 Standards, including both the Title III regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D (hereinafter the "2010 ADA Standards").

70.     The 2010 ADA Standards eliminated the counter exceptions available previously under the 1994 ADAAG and now require all facilities constructed for

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

first occupancy after March 2012 to design and construct bar counters with a lowered section. Defendants failed to do so.

71.    As a result, this part of the facilities must be, but are unable to be, accessed by the Plaintiff.

72.    The Defendants have discriminated against the Plaintiff by promoting policies and erecting barriers to access which deny him access to, and the full and equal enjoyment of the amenities, goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

73.    If the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, which it is, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA. Defendants have failed to so design and construct this facility to be fully accessible, nor to remove barriers as required.

74.    The Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR §36.302 *et seq.*, and 36 CFR § 1191, *et seq.*, and subpart D of 28 CFR part 36, and are discriminating against Plaintiff as a result of the following violations:[2]

---

[2]Due to the architectural barriers encountered, all areas of the premises were not able to be assessed by the Plaintiffs. Accordingly, the above list is not to be considered all-inclusive.  A

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

## TACOCRAFT BAR COUNTER AND TABLES

    a. There is no accessible seating space provided at the bar counter.
    b. There is no accessible seating provided at the booths adjacent to the bar counter.
    c. There is no accessible seating near the bar.

## MERCADO NEGRO COUNTER AND TABLES

    d. There is no accessible seating space provided at the bar counter.
    e. The tables are exclusively inaccessible "high tops," such that there is no accessible seating space whatsoever provided within this portion of the subject premises.

75.    The Plaintiff has been denied access to, and has been denied the benefits and equal enjoyment of the services, amenities, advantages, programs accommodations, and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of Defendants' existing ADA violations and discriminatory policies and procedures, including, but not limited to, those set forth above.  Furthermore, Plaintiff will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein.

76.    The violations present at Defendants' facility infringe upon Plaintiff's right to travel free of discrimination, socialize, meet friends and further business relations.

---

*complete* list of the subject premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiffs' representatives pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

77.     Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at Defendants' facility.

78.     By continuing to operate a place of public accommodation with intentionally discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

79.     By encountering the discriminatory conditions at Defendants' facility, and knowing that it would be a futile gesture to return unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel.

80.     By intentionally maintaining a public accommodation with ADA violations, Defendants deprive Plaintiff the equal opportunity offered to the general public to freely travel without fear of being subjected to discrimination.

81.     In the future, once the architectural barriers to access have been removed and reasonable changes in policy implemented, and it is absolutely clear that the discriminatory behavior and policies alleged herein cannot reasonably be expected to recur, Plaintiff will once again visit the subject premises, not only to

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

avail himself of the amenities, accommodations, services, programs and activities available at the facility, but also to assure himself that the subject premises is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination, dignitary harm and threats to their safety.

82.      Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action.    Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205.

83.      Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are complete.

84.      The Plaintiff demands a non-jury trial on all issues to be tried herein.

WHEREFORE, Plaintiff respectfully requests the Court issue a permanent injunction enjoining the Defendants from continuing its discriminatory practices and policies, ordering the Defendants to alter the subject premises as appropriate to comply with the ADA, ordering the Defendants to modify its policies and

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

employee training to reasonably ensure compliance with the ADA, order the Defendants to maintain accessible features at the premises, award Plaintiffs their reasonable attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requisite architectural, procedural and policy modifications are completed and implemented, and what other relief the Court deems just and proper.

## COUNT II
### Action for Violations of the Florida Americans With Disabilities Accessibility Implementation Act

84. **.** This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

85. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 11 and 17 – 48 of this Complaint as if fully stated herein.

86. Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "the federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 CFR §36, subparts A and D,[4] and Title II of Public Law No. 101-336,[5]" subject to the additional requirements of Fla. Stat. § 553.504.

---

[4] 28 CFR §§ 36.101, *etseq,* 36.401, *et seq.*
[5] 42 U.S.C.A. § 12131, *et seq.*

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

87.     Florida Statutes § 553.503, required the adoption of the Florida Accessibility Code for Building Construction (hereinafter FACBC).  The FACBC establishes standards for accessibility to places of public accommodation and commercial facilities by individuals with disabilities to take effect on October 7, 1997.  *See* FACBC Chapter 11 and Fla.  Stat. § 553.503.

88.     In addition, Fla.  Stat. § 553.502 provides that "nothing in ss.  553.01-553.513 is intended to expand or diminish the defenses available to a place of public accommodation under the Americans with Disabilities Act and the Federal Americans with Disabilities Act Accessibility Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation."  Fla.  Stat. § 553.502.

89.     Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code. The civil rights portions and the technical portions of the accessibility laws of this state shall remain as currently provided by law.  Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code.  Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in part II.

Fla. Stat. § 553.73(b), (emphasis added).

890.    Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the

Florida Statutes provides, *inter alia*:

> Notwithstanding any other remedies available, any
> person or party, in an individual capacity or on behalf of
> a class of persons or parties, damaged as a result of a
> violation of this part or the Florida Building Code, has a
> cause of action in any court of competent jurisdiction
> against the person or party who committed the violation;

Fla. Stat. § 553.84.

91.    The Florida Building Commission updated the Florida Accessibility

Code for Building Construction for consistency with the 2010 ADA Standards and

Florida law, Part II, Chapter 553, Florida Statutes, in the summer of 2011.

91.    The intent as established by s.553.502, Florida Statutes, is to maintain

the US Department of Justice certification of the Code as substantially equivalent

to the ADA Standards so compliance with the Code provides presumption of

compliance with the ADA Standards.

92.    Title 28 CFR § 36.103(c), provides that the ADAAG "does not

invalidate or limit the rights remedies and procedures of any other...State or local

law (including State Common Law) that provide greater or equal protection for the

rights of the individuals with disabilities or individuals associated with them." *Id.*

93.    At all times here relevant, Defendants had a duty under Fla. Stat. §

553.501, *et seq.*, to provide access to the subject premises by Plaintiff herein.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

94.     On more than one occasion, Defendants breached its duty to provide access to the subject premises by Plaintiff and thereby discriminated against Plaintiff, all in violation of Fla. Stat. § 553.501, *et seq*., as follows:

## TACOCRAFT BAR COUNTER AND TABLES

 a. There is no accessible seating space provided at the bar counter.
 b. There is no accessible seating provided at the booths adjacent to the bar counter.
 c. There is no accessible seating near the bar.

## MERCADO NEGRO COUNTER AND TABLES

 d. There is no accessible seating space provided at the bar counter.
 e. The tables are exclusively inaccessible "high tops," such that there is no accessible seating space whatsoever provided within this portion of the subject premises.

95.     The Plaintiff has been denied access to, and has been denied the benefits and equal enjoyment of the amenities, services, programs, accommodations and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of Defendants' FACBC violations set forth above.  Furthermore, Plaintiff will continue to suffer such discrimination, injury and damage, and will be deterred from returning to the subject premises without the relief provided pursuant to the FACBC as requested herein.

96.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

attorneys' fees, including costs and expenses incurred in this action.  Plaintiff is entitled to recover those attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 12205.[7]

97.     Pursuant to Title 28 U.S.C. § 1367(a), Fla. Stat.  §§ 553.501, *et seq.*, and 42 U.S.C. § 12188, and Fla. Stat. § 553.84, this Court is provided with authority to grant Plaintiff's injunctive relief including an order to alter the subject premises and facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the FACBC, enjoining Defendants' discriminatory policies and procedures and closing the subject premises and facilities until the requested modifications are completed.

98.     The Plaintiff demands a non-jury trial on all issues to be tried herein.

WHEREFORE, Plaintiff respectfully requests the Court issue a permanent injunction enjoining the Defendants from continuing its discriminatory practices and policies, ordering the Defendants to alter the subject premises as appropriate to comply with the ADA, ordering the Defendants to modify its policies and employee training to reasonably ensure compliance with the ADA, order the Defendants to maintain accessible features at the premises, award Plaintiffs their reasonable attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requisite architectural, procedural and policy

---

[7]*Cf.,****Wesley Group Home Ministries, Inc., v.  City of Hallendale,*** 670 So.2d 1046 (Fla.4th Distr.  1996).

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

modifications are completed and implemented, and what other relief the Court deems just and proper.

## COUNT III
## AGAINST DEFENDANT CITY OF SOUTH MIAMI
## FOR VIOLATIONS OF TITLE II OF THE ADA

99.   Plaintiff re-avers and incorporates paragraphs 1–50 as if fully set forth herein.

100.   This action arises pursuant to Title II of the ADA.

101.   Plaintiff has been denied access to, and has been denied the benefits of the Program, and has otherwise been discriminated against and damaged by Defendant's existing ADA violations at the Subject Premises.

102.   Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises and using the Program without the relief demanded herein pursuant to the ADA.

103.   Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises due to the Program.

104.   By continuing to operate the Program and the Subject Premises with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

equal enjoyment of the program and services available to the able bodied individuals of the general public.

105.  Pursuant to 42 U.S.C. §§ 12133 and 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises,  make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff respectfully requests the Court issue a permanent injunction enjoining the Defendant from continuing its discriminatory practices and policies, ordering the Defendant to alter the subject premises as appropriate to comply with the ADA, ordering the Defendant to modify its policies and employee training to reasonably ensure compliance with the ADA, order the Defendant to maintain accessible features at the premises, award Plaintiffs their reasonable attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requisite architectural, procedural and policy modifications are completed and implemented, and what other relief the Court deems just and proper. Plaintiff further requests that Defendant be Ordered to conduct a self-evaluation of its landlord program (required since January 1992 pursuant to 28 C.F.R. §35.105) as there is no current self-evaluation, and publish a

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

Transition Plan, (as required by 28 C.F.R. §35.150), consistent with the findings of the Self-Evaluation.

### COUNT IV-VIOLATIONS OF THE REHABILITATION ACT
#### (Against Defendant City of South Miami)

85.     Plaintiff adopts and re-alleges the allegations contained in Paragraphs 1–50, as if fully stated herein.

86.     Plaintiff brings this count against Defendant pursuant to the Rehabilitation Act ("RA").

87.     The Rehabilitation Act provides:

> No otherwise qualified individual with handicaps in the United States, as defined in section 705(20) of this title, shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

88.     Upon information and belief, Defendant receives federal grants and other such funds earmarked for revitalization of the general area of the subject premises and must comply with the Rehabilitation Act.

89.     As set forth herein, Defendant has demonstrated deliberate indifference and violated the RA by intentionally excluding Plaintiff, solely by reason of his disability, from the participation in, and denying him the benefits of, and has otherwise subjected him to discrimination under the Defendant's programs

– 29 –

and activities at the subject Premises.

90.    A non-exclusive list of Defendant's violations of RA and discriminatory conduct against the Plaintiff are evinced by the violations set forth this complaint, and as follows:

    a)    denying Plaintiff access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered by Defendant at Taco/Craft;

    b)    by otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive defendant's aids, benefits and services at TacoCraft;

    c)    making selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by Defendant;

    d)    failing to make reasonable modifications in policies, practices and procedures which modifications are necessary to avoid discrimination on the basis of disability and create access to the bar counters, booths and tables at TacoCraft;

    e)    failing to administer services, programs and activities in the most integrated setting appropriate to the needs of Plaintiff, by having allowed the discriminatory activity at TacoCraft to persist starting from the from the date the plans for the subject premises were approved and continuing from the date of its grand opening;

    f)    excluding plaintiff from participation in, and the benefits of, Defendant's services programs and activities as a result of Defendant's Program being inaccessible to or unusable by Plaintiff;

– 30 –

g)   failing to operate each program, service and activity so that the programs, services and activities are readily accessible to and useable by individuals with disabilities;

91.   Upon information and belief, there are additional, ongoing violations of RA at the subject premises which Plaintiff will encounter upon his future visits to the Subject Premises.  Plaintiff brings this claim:

a)   to redress injuries suffered as a result of Defendant's discriminatory actions and inactions set forth herein;

b)   to reasonably avoid further and future injury to Plaintiff as a result of Defendant's ongoing failure to cease its discriminatory practices as set forth in this action, including correcting violations of the Act;

c)   to ensure Defendant's Program is accessible as required by the relevant applications of Titles II, over thirteen years after the effective date of the ADA;

d)   to be made whole for the emotional distress and other injuries resulting from Defendant's intentional discrimination; and,

e)   to reasonably avoid future ADA/RA litigation involving the same property, program, and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

92.   Only through a complete inspection of the Subject Premises and the Program, undertaken by Plaintiff and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

93.   As the recipients of federal funds, Defendant is liable for economic

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

and non-economic compensatory damages to the individual Plaintiff in a sum to be determined by the Court as a result of Defendant's acts and omissions constituting intentional discrimination.

94.     As set forth above, Plaintiff has been denied access to, and has been denied the benefits of the services and programs offered by Defendant solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of RA violations set forth above.

95.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay his counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from Defendant pursuant to 29 U.S.C. § 794a(b).

96.     Pursuant to 29 U.S.C. §794a this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject premises and programs to make them accessible to and useable by individuals with disabilities to the extent required by RA; closing the Subject Premises and discontinuing all non-complying services, activities, programs and accommodations until the requisite

-32-

modifications are completed; and, granting the Plaintiff compensatory damages for Defendant's discriminatory actions.

WHEREFORE, Plaintiff ENRIQUE MADRINAN respectfully requests the following:

1.   The Court issue a permanent injunction enjoining the Defendant City of South Miami from continuing its discriminatory practices at TacoCraft.

2.   Ordering Defendant City of South Miami to alter, modify, and maintain the Subject Premises and lessor oversight of its program as TacoCraft landlord as appropriate to comply with the Rehabilitation Act.

3.   Closing the Subject Premises and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed.

4.   Awarding the Plaintiff his reasonable attorneys' fees, costs and litigation expenses incurred in this action, and,

5.   Awarding Plaintiff economic and non-economic compensatory damages as well as such further relief that the Court deems to be just and proper.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing document is being served on Defendant TacoCraft Miami LLC's Registered Agent, JEY Hospitality Group LLC, at 202 SW 2ND ST Suite A, FT LAUDERDALE, FL 33301; and on the City of South Miami by serving Phillip K. Stoddard, Mayor c/o City of South Miami City Hall, 6130 Sunset Drive, South Miami, FL 33143, via process.

Dated this 18th day of October, 2019.

Respectfully Submitted,

**Jeffrey Hirsh, P.A**
Goldberg & Hirsh, P.A.
Attorney for Plaintiff, Enrique Madrinan,
Florida Bar No. 207810
1 SE 3rd Ave, Miami, FL 33131
Office: 305-372-9601
Cell: 305-372-9601 - No Text Messages
Fax: 305-372-2323
Emails: jhirsh@goldberghirshpa.com
          agarcia@goldberghirshpa.com

-34-